UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BRENDA H.,

                Plaintiff,

v.                                                     CASE # 20-cv-01025

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Law Offices of Kenneth Hiller<br>  Counsel for Plaintiff<br>6000 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | KENNETH R. HILLER, ESQ.<br>AMY CHAMBERS, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | HEATHER SERTIAL, ESQ.<br>REBECCA H. ESTELLE, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

I.      **RELEVANT BACKGROUND**

    A.      **Factual Background**

Plaintiff was born on July 22, 1974 and has at least a high school education. (Tr. 201, 214). Generally, plaintiff alleged disability due to alcoholism, bipolar disorder, anxiety, depression, severe anemia, insomnia and chronic back and hip pain. (Tr. 213). Her alleged onset date of disability is July 14, 2014 and her date last insured was December 31, 2016. (Tr. 187, 201). She requested a closed period of disability from July 14, 2014 through September 17, 2019 because she had returned to work. (Tr. 1216, 1238).

    B.      **Procedural History**

On July 28, 2014, plaintiff protectively applied for a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act and for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. (Tr. 178, 180). Plaintiff's applications were initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On June 26, 2017, plaintiff appeared before ALJ Jonathan Baird. (Tr. 27-58). On August 10, 2017, ALJ Baird issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 7-21). On August 9, 2018, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-4). Thereafter, plaintiff timely sought judicial review in this Court. On July 3, 2019, parties stipulated to remand the case for further proceedings. (Tr. 1318). On October 28, 2019, the AC issued a remand order pursuant to this Court's order. (Tr. 1320). A second hearing was held on March 16, 2020, before ALJ Weir, who issued another unfavorable decision on April 13, 2020, finding plaintiff not disabled. (Tr. 1235-1254, 1210). Plaintiff directly appealed to this Court.

### C.     The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

2. As noted above, the claimant is seeking a closed Period of Disability from the alleged onset date July 14, 2014 through the date she returned to work full time on September 17, 209, conceding she has engaged in substantial gainful activity since that date. However, prior to that date, there had been multiple continuous 12-month periods during which the claimant did not engage in substantial gainful activity; to wit, the years from 2014 through 2019, prior to her return to work (Exhibit 10D). The remining findings address the periods the claimant did not engage in substantial gainful activity.

3. The claimant has the following medically determinable impairments: anemia, back pain, bipolar disorder, anxiety disorder, depression, and substance use disorder involving marijuana and alcohol (20 CFR 404.1521 *et seq.* and 416.921 *et seq.*).

4. The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 CFR 404.1521 *et seq.* and 416.921 *et seq.*).

5. The claimant has not been under a disability, as defined in the Social Security Act, from July 14, 2014, through the date of this decision (20 CFR 404.1520(c) and 416.920(c)).

(Tr. 1209-1224).

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes two arguments in support of her motion for judgment on the pleadings. First, plaintiff argues the ALJ failed to properly address and analyze evidence of plaintiff's mental and physical impairments and failed to account for disorders and limiting effects in a RFC finding. Second, plaintiff argues the ALJ failed to properly evaluate and explain medical and other opinions

and evidence of record, which resulted in conclusions that were not supported by substantial evidence. (Dkt. No. 11 at 2-3 [Pl.'s Mem. of Law]).

### B. Defendant's Arguments

Defendant replies with the argument that substantial evidence supports the ALJ's step two finding that plaintiff did not have any severe mental or physical impairments. (Dkt. No. 15 at 15, 23 [Def.'s Mem. of Law]). Defendant also asserts that the ALJ properly assessed plaintiff's alleged symptoms and subjective complaints. (*Id*. at 26).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where

evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.       Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

IV.     ANALYSIS

    A.     **Severe Impairments**

At step two, the ALJ found plaintiff had the medically determinable impairments of anemia, back pain, bipolar disorder, anxiety disorder, depression, and substance use disorder involving marijuana and alcohol but concluded that the impairments did not result in more than minimal, if any, limitation in the claimant's ability to perform work-related activities during the period at issue. (Tr. 1222). Accordingly, the ALJ found plaintiff was not disabled as defined in the Act. (Tr. 1224).

At the second step of the sequential analysis, the ALJ must determine whether the plaintiff has a severe impairment that significantly limits the plaintiff's physical or mental ability to do certain work activities. *Trombley v. Berryhill*, 1:17-CV-00131, 2019 WL 1198354, at *5 (WDNY Mar. 14, 2019); 20 CFR. § 404.1520(c), 416.920(c). The step-two severity standard "is de minimis and intended only to screen out the very weakest cases." *Wells v. Colvin*, 87 F. Supp. 3d 421, 436 (WDNY 2015); *citing McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014). An impairment is not severe if the medical evidence establishes only a slight abnormality or combination of abnormalities which do not significantly limit the claimant's ability to perform work-related activities. *See* SSR 85-28, 1985 WL 56856, *3-4 (S.S.A. Jan. 1, 1985) (clarifying policy on findings of non-severe impairments). At step two, plaintiff bears the burden of proof in establishing the severity of the impairments. S*ee Pulos v. Commissioner of Social Security*, 346 F. Supp.3d 352, 358 (W.D.N.Y. 2018).

In his decision, ALJ Weir found that plaintiff's medically determinable impairments could have been reasonably expected to produce plaintiff's alleged symptoms, however he explained that statements by the plaintiff concerning the intensity, persistence, and limiting effects of these

6

symptoms were not consistent with the medical evidence or other evidence in the record. (Tr. 1219).

As an initial matter, plaintiff is incorrect that the ALJ erred by not continuing the sequential evaluation and formulating an RFC with limitations from the non-severe impairments. (Dkt. No. 11 at 15-17, 26). If there is no severe impairment found at step two an ALJ is not obligated to continue the sequential evaluation and formulate an RFC. *See* 20 CFR §§ 404.1520(a)(4), 416.920(a)(4) (If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step). The case law relied upon by plaintiff in her argument involved cases with both severe and non-severe impairments. Here there were no severe impairments found by the ALJ so the sequential evaluation was appropriately ended.

**1. Non-severe mental impairments**

The Court finds that the ALJ's conclusions regarding plaintiff's impairments are supported by the evidence in the record. Looking first to plaintiff's mental impairments and substance use, the decision reveals the ALJ properly applied the special psychiatric review technique for the evaluation of mental impairments. *See* 20 C.F.R. §§ 404.1520a, 416.920a. (Tr. 16-18). In the area of understanding, remembering, or applying information, the ALJ found that the treatment notes indicated plaintiff had intact memory and cognition, average intelligence, and was able to track questions and respond appropriately at the administrative hearing. (Tr. 1221, *referring to* Tr. 603, 609, 663-97, 708, 717-22, 735, 746-56, 921-22, 962, 1187, 1199, 1480-99, 1508, 1523-24, 1541, 1568). Similarly, in the area of interacting with others, the ALJ noted that she was pleasant and cooperative in her therapy sessions which included her testimony that she had a good relationship with her boyfriend of three years. (Tr. 1221-22, *referring to* Tr. 661-80, 696, 707, 716, 721, 734,

752, 918, 960, 1185, 1198, 1479-98, 1507, 1522, 1540).  In the area of concentrating, persisting or maintaining pace, the ALJ found the treatment notes demonstrated that plaintiff had a normal attention span and concentration, with orientation to person, place, and time upon mental status examination. (Tr. 1222, *referring to* Tr. 603, 609, 663-97, 708, 717-22, 735, 746-56, 921-22, 962, 1187, 1199, 1480-99, 1508, 1523-24, 1541, 1568). Finally, in the area of adapting or managing oneself, ALJ Weir determined that the record denoted plaintiff was routinely well-groomed, could take public transportation, cook, clean, do laundry, manage money, and care for her grandson while her daughter was incarcerated. (Tr. 1222, *referring to* Tr. 226-29, 603, 609, 663-97, 708, 717-22, 735, 746-56, 921-22, 962, 1185-87, 1198-99, 1480-99, 1508, 1522-24).

Further, the hearing testimony of medical expert Dr. Billings Fuess supported the ALJ's finding as it pertained to the mental impairments. (Tr. 1218-19, 1221-23, 1239-48). *See* 20 C.F.R. §§ 404.1527(e)(2)(iii), 416.927(e)(2)(iii) (ALJs may ask for and consider opinions from medical experts on the nature and severity of a claimant's impairments and on whether the impairments equals the requirements of any impairment in the Listings). Based on the medical evidence, Dr. Fuess opined the plaintiff did not meet or equal any Listing, exhibited only mild limitations in the four broad areas discussed above, and concluded that plaintiff did not have any severe mental impairments during the relevant period. (Tr. 1218-19, 1221-23, 1240-46).

The ALJ appropriately considered Dr. Fuess's opinion and accorded it great weight because the conclusion was supported by medical evidence. *See Heagney-O'Hara v. Commissioner*, 646 F. App'x 123, 126 (2d Cir. 2016) (the ALJ correctly gave great weight to the opinion of a medical expert because his opinion was consistent with the objective medical evidence in the record). As discussed above, treatment records from her mental health provider, Chautauqua County Department of Mental Health (CCDMH), indicate normal mental statues examinations.

(Tr. 603, 609, 663-97, 708, 717-22, 735, 746-56, 921-22, 962, 1187, 1199, 1480-99, 1508, 1523-24, 1541, 1568). At counseling sessions, plaintiff reported that she was doing well, her mood was stable, and "things are going in the right direction." (Tr. 715). A December 19, 2016 summary progress note indicated that plaintiff graduated from Treatment Court, and she had made great progress in stability and consistency. (Tr. 967).

Plaintiff argues the ALJ should not have relied on the opinion of Dr. Fuess but rather the opinions from treating sources at CCDMH. (Dkt. No. 11 at 17-23). However, the ALJ was permitted to give greater weight to the opinion of the medical expert despite the doctor not personally examining the plaintiff. *See Diaz v. Shalala*, 59 F.3d 307, 313 n.5 (2d Cir. 1995) (recognizing that opinions from expert non-examining sources may constitute substantial evidence and may even override treating source opinions, provided they are supported by evidence in the record). It bears repeating that the opinion of Dr. Fuess was consistent with and supported by medical evidence of record, but the opinions from Dr. Shahnawaz Meer and counselor Alycia Johnson were not, and the ALJ accorded their opinions little weight. (Tr. 1223). *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). When an opinion is unsupported, or when it is inconsistent with other substantial evidence, the ALJ is not required to afford deference to that opinion and may use his or her discretion in weighing the medical evidence as a whole, based on the remaining factors set forth in 20 C.F.R. §§ 404.1527(c)(3), (4), 416.927(c)(3), (4) (which also include supportability and consistency).

ALJ Weir properly observed that the employment assessments of Dr. Meer and Ms. Johnson were not only inconsistent with the medical evidence and other evidence as a whole but were also inconsistent with the treating physicians' own treatment notes. 20 C.F.R. §§ 404.1527(c)(3), (4), 416.927(c)(3), (4); *see Micheli v. Astrue*, 501 F. App'x 26, 28-29 (2d Cir.

2012) (ALJ properly discounted treating source's assessment because it was internally inconsistent, and inconsistent with other substantial evidence of record). CCDMH treatment notes routinely report plaintiff was cooperative, alert, and oriented to person, place, and time; had good hygiene and eye contact, normal speech, appropriate affect, a normal (or good or stable) mood, goal directed thought process; intact attention, concentration, and memory; fair insight and judgment; and she denied delusions, hallucinations, paranoia, psychosis, and suicidal or homicidal ideations. (Tr. 603, 609, 663-97, 708, 717-22, 735, 746-56, 921-22, 962, 1187, 1199, 1480-99, 1508, 1523-24, 1541, 1568). Plaintiff had also disclosed to the providers that she was doing well overall; her mood was good and stable; she was doing better after increasing her Zyprexa; she was sleeping and eating well; and as previously noted, she had a good relationship with her boyfriend of three years. (Tr. 661-80, 696, 707, 716, 721, 734, 752, 918, 960, 1185, 1198, 1479-98, 1507, 1522, 1540).

The limitations opined by the treating sources were also inconsistent with plaintiff's own reports of daily activities and functioning. (Tr. 1218-23). On her application paperwork, plaintiff stated she cares for her two children, prepares meals, cares for herself, does household chores, uses public transportation, shops weekly, and pays bills without assistance. (Tr. 225-28). She also reported enjoying television, playing word and puzzle games, talking on the phone or playing online games with others, and attending church weekly. (Tr. 228-29, 1217-22). *See Cichocki v. Astrue*, 729 F.3d 172, 178 (2d Cir. 2013) (holding that Plaintiff's activities of daily living was an important indicator of her true level of both physical and mental functioning).

Plaintiff's argument that the ALJ erred in not discussing employment assessments by Stephanie Redlecki, PA, Michael Lugwin, PA, and Katherine Meleen, FNP is also unavailing. These individuals are not acceptable treating sources, and only acceptable medical sources are

"treating sources" whose opinions may be entitled to controlling weight. *See* 20 C.F.R. §§ 404.1513(a), (d), 404.1527(a)(2); 416.913(a), (d), 416.927(a)(2); SSR 06-03p; *see also Genier v. Astrue*, 298 F. App'x 105, 108-09 (2d Cir. 2008) (ALJ was "free to discount" the assessments of sources, who were not acceptable medical sources, where other evidence was more persuasive and consistent with the record as a whole). Further, an "ALJ need not recite every piece of evidence that contributed to [his] decision, so long as the record permits [the reviewing court] to glean the rationale of an ALJ's decision." *Yeomas v. Berryhill*, 305 F.Supp.3d 464, 467 (W.D.N.Y. 2018) (quoting *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013)) (alterations in original). The opinions from PA Ludwig, PA Redlecki and FNP Meleen mirrored the other opinions from CCDMH providers Dr. Meer and Ms. Johnson. Here it is clear from the written determination that the ALJ considered the other similar opinions and found them to be inconsistent with the evidence and he need not specifically discuss these additional opinions for the Court to glean his rationale.

**2. Non-severe physical impairments**

Turning next to plaintiff's physical impairments, the ALJ properly discussed plaintiff's physical limitations and allegations of limitations, and again noted the largely normal physical examination findings in the evidence of record. (Tr. 1218-22). On physical examination, plaintiff routinely appeared appropriate and well-developed and had no signs of apparent distress, no heart murmurs, no tenderness in the abdomen, no edema in the lower limbs bilaterally, and no cyanosis, clubbing, or edema, with normal strength in the upper and lower extremities bilaterally. (Tr. 391, 534, 998, 1003-08, 1016-17, 1029, 1058, 1581). Plaintiff specifically remarked on her function report that she has no problems sitting, kneeling, squatting, climbing stairs, reaching, and using her hands. (Tr. 231). Although Plaintiff had occasional appointments regarding her anemia, it was generally stable and well-controlled with medication. (Tr. 1582). The ALJ referenced treatment

notes showing largely normal physical examination findings. (Tr. 1218-22). Even PA Ludwig commented that plaintiff's physical examination was essentially normal. (Tr. 393).

Plaintiff again argues the ALJ ignored evidence from PA Ludwig, PA Redlecki and FNP Meleen which pertained to her physical impairments. (Dkt. No. 11 at 26). The only impairment assessed by these three sources was anemia and as noted, these practitioners were not acceptable medical sources under the regulations. (Tr. 1662, 1676, 1688). Thus, the ALJ was free to discount those opinions. *See* 20 C.F.R. §§ 404.1513(a), (d), 404.1527(a)(2); 416.913(a), (d), 416.927(a)(2); SSR 06-03p; *see also Genier,* 298 F. App'x at 108-09. Additionally, the format of the opinions were check-off boxes for limitations, with no other explanatory detail. (*See* Tr. 1662-65, 1676-77, 1688-89). *See Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (noting a physician's checkmark opinion on a standardized multiple-choice form is "not particularly informative").

ALJ Weir appropriately considered evidence of plaintiff's psychological and physical impairments in reaching the disability determination. The fact that the ALJ did not draw the conclusions from this evidence that plaintiff thinks he should have is no basis for remand. *See Miller v. Colvin*, No. 15-CV-6249P, 2016 WL 4478690, at *16, 2016 U.S. Dist. LEXIS 113990 at *53 (W.D.N.Y. Aug. 25, 2016) ("[The plaintiff] simply disagrees with the ALJ's conclusions; in essence, [she] invite[s] the court to re-weigh evidence and come to a different conclusion than did [the] ALJ. That invitation must be declined since a reviewing court defers to the Commissioner's resolution of conflicting evidence.") (internal quotations and citations omitted).

**ACCORDINGLY, it is**

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is

**DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 15) is

    **<u>GRANTED</u>**.

Dated: January 13, 2022                                    <u>*J. Gregory Wehrman*</u>
Rochester, New York                                HON. J. Gregory Wehrman
                                                                         United States Magistrate Judge